IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOFT SERVE, INC. D/B/A/ SPRINKLES<br>(a Maryland corporation)<br>10148 River Road<br>Potomac, Maryland 20854,<br><br>               Plaintiff,<br><br>    v.<br><br>SPRINKLES CUPCAKES, LLC<br>(a Delaware Limited Liability Company)<br>422 North La Cienega Blvd.<br>Los Angeles, California 90048,<br><br>            and<br><br>SPRINKLES CUPCAKES DC, LLC<br>(a District of Columbia corporation)<br>3015 M Street, N.W.<br>Washington, D.C. 20007,<br><br>               Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 13-1782<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiff Soft Serve, Inc. d/b/a Sprinkles ("Plaintiff") alleges as follows:

**NATURE OF ACTION**

1.      This is an action for false designation of origin under § 43(a)(1) of the Federal Trademark Act, 15 U.S.C. § 1125(a)(1), trademark and trade name infringement at common law, violations of the D.C. Code, § 28-3904, and cancellation of Defendants' U.S. federal trademark registrations pursuant to § 37 of the Federal Trademark Act, 15 U.S.C. §1119. The matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00).

## PARTIES

2. Plaintiff Soft Serve, Inc. d/b/a Sprinkles is a Maryland corporation with its principal place of business at 10148 River Road, Potomac, Maryland 20854.

3. Based on information and belief, Plaintiff alleges that Defendant Sprinkles Cupcakes, LLC ("Defendant SCL") is a Delaware Limited Liability Corporation with its principal place of business at 422 North La Cienega Blvd., Los Angeles, California 90048.

4. Based on information and belief, Plaintiff alleges that Defendant Sprinkles Cupcakes DC, LLC ("Defendant SCDC") is a District of Columbia corporation with its principal place of business at 3015 M Street, N.W., Washington D.C. 20007, and is a corporate subsidiary of Defendant SCL.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 for related state-law claims as well as original jurisdiction under 28 U.S.C. § 1338(b) because the state-law claims are joined to a substantial and related trademark claim.

6. This Court has personal jurisdiction over Defendants because Defendant SCDC operates a retail establishment in the District of Columbia, which is under the control of its corporate parent, Defendant SCL. Defendant SCL also is subject to personal jurisdiction under D.C. Code Ann. §§ 13-423(a)(1) and 13-423(a)(3).

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District, including, but not limited to, the Defendants' use of an infringing trademark in this District, which is likely to cause marketplace confusion in this District.

**STATEMENT OF FACTS**

8.Plaintiff operates an ice cream shop and bakery under the trade name and service mark SPRINKLES which is located in Potomac, Maryland.  Plaintiff has used the trade name and service mark SPRINKLES continuously and without interruption in interstate commerce in connection with its goods and services since at least early 2002 through the present day.

9.Plaintiff has invested substantial sums in advertising and promoting the sale of goods and services under the trade name and mark SPRINKLES in the Washington, D.C. metropolitan area.  Based on the extensive, exclusive and continued use of the trade name and mark SPRINKLES by Plaintiff prior to Defendants' entry into the Washington, D.C. metropolitan area, the relevant consuming public has come to recognize, and does recognize, the trade name and mark SPRINKLES as being used by Plaintiff as an exclusive indication of origin of Plaintiff's goods and services.  The trade name and mark SPRINKLES is exceptionally valuable to Plaintiff because of the goodwill and consumer recognition associated with it.

10.Plaintiff provides catering services throughout the Washington D.C. metropolitan area under the trade name and mark SPRINLKES.

11.On information and belief, on March 3, 2011 – years after Plaintiff launched its business and began using the trade name and mark SPRINKLES – Defendants opened a retail bakery shop under the name SPRINKLES CUPCAKES located in the Georgetown section of the District of Columbia.

12.Defendants' Georgetown retail location is less than 13 miles from Plaintiff's retail location in Potomac, Maryland.

13.On information and belief, Defendants plan to sell ice cream at or near their SPRINKLES CUPCAKES Georgetown retail location.

14.     On information and belief, Defendant SCL is the record owner of the following applications to register and registrations of SPRINKES formative marks in the United States Patent and Trademark Office, all of which, on information and belief, are used or are planned to be used by Defendants in connection with the sale of goods or services in this judicial district:

- Registration No. 4,421,764 for the mark SPRINKLES for "bakery goods, namely super-premium quality cupcakes and cupcake mixes sold at boutique retail cupcake bakeries; ice cream, frozen yogurt, candy, sweets, ice cream sundaes, sherbets, ices, sorbets, cookies, and milkshakes, all of the foregoing of super-premium quality: and "boutique retail cupcake bakeries featuring super-premium quality baked goods, namely cupcakes; mobile retail cupcake boutiques for the sale of super-premium quality baked goods from a custom vehicle; boutique retail store services featuring ice cream and baked goods, all of the foregoing of super-premium quality" claiming a date of first use in interstate commerce of April 13, 2005.

- Application Serial No. 85/880,645 for the mark SPRINKLES CUPCAKES for "bakery goods, namely super-premium quality cupcakes and cupcake mixes sold at boutique retail cupcake bakeries; ice cream, frozen yogurt, candy, sweets, ice cream sundaes, sherbets, ices, sorbets, cookies, and milkshakes, all of the foregoing of super-premium quality: and "boutique retail cupcake bakeries featuring super-premium quality baked goods, namely cupcakes; mobile retail cupcake boutiques for the sale of super-premium quality baked goods from a custom vehicle; boutique retail store services featuring ice cream and baked goods, all of the foregoing of super-premium quality" claiming a date of first use in interstate commerce of April 13, 2005.

- Application Serial No. 85/932,433 for the mark SPRINKLES ATM for "vending machines".

- Registration No. 3,250,609 for the mark SPRINKLES CUPCAKES for "bakery goods" claiming a dates of first use in commerce of February 1, 2004, and for "retail shops featuring baked goods" claiming a dates of first use in interstate commerce of April 13, 2005.

- Registration No. 3,306,772 for the mark SPRINKLES for "bakery goods" claiming a date of first use in interstate commerce of February 1, 2004, and for "retail shops featuring baked goods" claiming a date of first use in interstate commerce of April 13, 2005.

- Registration No. 3,271,643 for the mark SPRINKLES CUPCAKES for "bakery goods" claiming a date of first use in interstate commerce of February 1, 2004, and for "retail shops featuring baked goods" claiming a date of first use in interstate commerce of April 13, 2005.

- Application Serial No. 77/770,541 for the mark SPRINKLES for "ice cream; frozen yogurt; candy; sweets; cupcake mixes; ice cream sundaes, sherbets, ices, sorbets, milk shakes".

- Registration No. 3,849,383 for the mark SPRINKLES CUPCAKES for "Serving trays; serving trays with recessed holes to hold cupcakes; serving towers, namely, towers comprised of stacked serving trays" claiming a date of first use in interstate commerce of April 13, 2005.

- Registration No. 3,849,382 for the mark SPRINKLES CUPCAKES for "pet treats" claiming a date of first use in interstate commerce of April 13, 2005.

- Application Serial No. 77/770,532 for the mark SPRINKLESMOBILE for "retail store services featuring baked goods; mobile retail store services for the sale of baked goods from a custom vehicle".

- Application Serial No. 77/872,012 for the mark SAY IT WITH SPRINKLES for "bakery goods" claiming a date of first use in interstate commerce of September 1, 2009.

- Application Serial No. 77/866,405 for the mark SAY IT WITH SPRINKLES for "retail shops featuring baked goods" claiming a date of first use in commerce of September 1, 2009

- Application Serial No. 77/868,765 for the mark I LOVE SPRINKLES for "bakery goods" and "retail shops featuring baked goods".

- Application Serial No. 77/870,009 for the mark I ♥ SPRINKLES for "clothing, namely, shirts, tank tops, baby bodysuits, hats" claiming a date of first use in interstate commerce of February 1, 2006.

- Application Serial No. 77/858,599 for the mark SPRINKLES CUPCAKES for "clothing, namely, shirts, tank tops, baby bodysuits, hats" claiming a date of first use in interstate commerce of April 13, 2005.

- Registration No. 4084346 for the mark ISPRINKLES for "computer software for locating retail stores featuring bakery goods, desserts, and merchandise, for sending gift certificates for bakery goods, desserts, and merchandise, for sending virtual bakery goods, desserts, and merchandise, for games featuring bakery goods and desserts, for ordering bakery goods, desserts, and merchandise, and for providing information about bakery goods, desserts, and merchandise; computer software for mobile devices for locating retail stores featuring bakery goods, desserts, and merchandise, for sending gift certificates for bakery goods, desserts, and merchandise, for sending virtual bakery goods, desserts, and merchandise, for games featuring bakery goods and desserts, for ordering bakery goods, desserts, and merchandise, and for providing

information about bakery goods, desserts, and merchandise" claiming a date of first use in interstate commerce of November 11, 2011.

15. On information and belief, none of the above-listed marks were used in commerce prior to the adoption and commencement of use in interstate commerce of Plaintiff's trade name and mark SPRINKLES.

16. On information and belief, on or about July 21, 2009, Sprinkles Cupcakes, Inc. ("SCI"), a predecessor-in-interest to Defendant SCL, acquired Registration No. 3,004,757 for the mark SPRINKLES PALM BEACH and design for "retail store services featuring ice cream", which issued on October 4, 2005; and Registration No. 2,938,800 for the mark SPRINKLES OF PALM BEACH for "ice cream", which issued on April 5, 2005, from Therapy Too, Inc. (the "Therapy Too marks").

17. The registrations for the Therapy Too marks claim a date of first use in interstate commerce of "at least as early as October 2002", which is interpreted by the U.S. Patent and Trademark Office for purposes of priority as October 30, 2002, and on information and belief were subsequently assigned from SCI to Defendant SCL.

18. On information and belief, the Therapy Too marks are used by Therapy Too, Inc. under license from either Defendant SCL or Defendant SCI, and such use is and always has been confined to a single retail location in Palm Beach, Florida.

19. On information and belief, Plaintiff's trade name and mark SPRINKLES was used in commerce in the metropolitan Washington D.C. area prior to the filing dates of the applications for, and the registration dates of, the Therapy Too marks.

20. On information and belief, Plaintiff's use of the trade name and mark SPRINKLES is senior to any SPRINKLES formative mark or registration owned by Defendants in the metropolitan Washington D.C. area.

21. On information and belief, the mark SPRINKLES OF PALM BEACH shown in Reg. No. 2,938,800 is not currently in *bona fide* use in commerce, and has been abandoned.

22. In view of the extreme similarity between Defendants' SPRINKLES formative trademarks and Plaintiff's trade name and mark SPRINKLES as used in connection with retail store services featuring bakery goods and ice cream, as well as sale of baked goods and ice cream, all of which are identical and/or highly related goods, Defendants' use of the SPRINKLES formative marks in the Washington D.C. metropolitan area is likely to cause confusion in the marketplace. The resulting confusion will damage Plaintiff and injure its reputation in the trade and with the public.

## COUNT I – FALSE DESIGNATION OF ORIGIN

23. As a cause of action and ground for relief, Plaintiff alleges that Defendants are engaged in acts which constitute a false designation of origin under § 43(a)(1) of the Federal Trademark Act, 15 U.S.C. § 1125(a)(1), and incorporates by reference ¶¶ 1 through 22 of the complaint as a part of this count. .

24. Defendants' use of the SPRINKLES marks in the manner alleged above is likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation or approval of Defendants' goods and services and therefore constitutes a false designation of origin within the meaning of § 43(a)(1) of the Federal Trademark Act, 15 U.S.C. § 1125(a)(1).

25. Upon information and belief, Defendants' use of the SPRINKLES marks described above in the metropolitan Washington, D.C. area has resulted in instances of actual confusion on the part of members of the consuming public.

26. The nature and probable tendency and effect of Defendants' use of the SPRINKLES marks in the manner hereinabove alleged is to enable Defendants to confuse or

deceive the public and others by misrepresenting Defendants' products and services as in some way sponsored or approved by Plaintiff and/or that Defendants' Georgetown location is affiliated with Plaintiff.

27.    Defendant's unauthorized use of the SPRINKLES formative trademarks in the manner hereinabove alleged has damaged Plaintiff and the business and goodwill symbolized by its trade name and mark SPRINKLES.

28.    Unless enjoined by this Court, Defendants will continue said conduct amounting to a false designation of origin, thereby causing Plaintiff immediate and irreparable injury for which it has no adequate remedy at law.

## COUNT II – TRADEMARK AND TRADE NAME INFRINGEMENT

29.    As a cause of action and ground for relief, Plaintiff alleges that Defendants are engaged in acts of trademark and trade name infringement at common law and incorporates ¶¶ 1 through 28 of the complaint as part of this count.

30.    Defendant's unauthorized use of the SPRINKLES formative trademarks in the manner hereinabove alleged is likely to cause the public to believe, contrary to fact, that Defendants' SPRINKLES retail store located in Georgetown, Washington, D.C. and the products it sells emanate from and/or are in some way sponsored or approved by, or are otherwise affiliated with, Plaintiff, and accordingly constitutes trademark and trade name infringement at common law.

31.    Unless enjoined by this Court, Defendants will continue to infringe Plaintiff's trade name and mark SPRINKLES, thereby deceiving the public and causing Plaintiff immediate and irreparable harm for which it has no adequate remedy at law.

**COUNT III – UNFAIR TRADE PRACTICES UNDER D.C. LAW**

32. As a cause of action and ground for relief, Plaintiff alleges that Defendants are engaged in unfair trade practices in violation of D.C. Code Ann. § 28-3904 and incorporates ¶¶ 1 through 31 of the complaint as part of this count.

33. Defendant's use of their SPRINKLES formative trademarks in the manner hereinabove alleged to promote, market, or sell products and services constitutes an unfair trade practice in violation of D.C. Code § 28-3904.

34. Unless enjoined by this Court, Defendants will continue to engage in such unfair trade practices, thereby damaging Plaintiff and causing Plaintiff immediate and irreparable injury for which it has no adequate remedy at law.

**COUNT IV – CANCELLATION OF REGISTRATIONS**

35. As a cause of action and ground for relief, Plaintiff seeks cancellation of the federal trademark registrations of SPRINKLES marks listed in ¶ 14 above pursuant to § 37 of the Federal Trademark Act, 15 U.S.C. § 1119, and incorporates ¶¶ 1 through 34 of the complaint as a part of this count.

36. Defendants' use of the registered marks incorporating the SPRINKLES formative term is well subsequent to Plaintiff's use of its trade name and mark SPRINKLES Mark in the Washington, D.C. metropolitan area.

37. Defendants' use of its registered marks incorporating the SPRINKLES formative term in the manner hereinabove alleged is likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation or approval of Defendants' goods and services in violation of § 2(d) of the Federal Trademark Act, 15 U.S.C. § 1052(d), thereby warranting cancellation of

Defendants' federal trademark registrations pursuant to § 37 of the Federal Trademark Act, 15 U.S.C. § 1119.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

A.  That this Court enjoin Defendants and any of their affiliated companies, successors, assigns, officers, directors, agents, partners, servants, and employees, and all others acting in concert with it, from:

1. Using directly or indirectly, in connection with any goods, services or commercial activities, the name SPRINKLES or any other trademark, service mark, trade name, or domain name that incorporates, imitates or simulates, or is otherwise confusingly similar to, Plaintiff's trade name and mark SPRINKLES in the Washington D.C. metropolitan area;

2. Using any other false designations of origin or false description or representation or doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the trade or the public, or to deceive the trade or the public into believing that Defendant's activities in the Washington D.C. metropolitan area are in any way sponsored, licensed or authorized by or affiliated or connected with Plaintiff; and

3. Engaging directly or indirectly in any practices, including those complained of herein, that tend to compete unfairly with, or injure, Plaintiff, its business, or the goodwill related to Plaintiff's business or its trade name and mark SPRINKLES.

B.  Direct Defendants to account to Plaintiff or its profits derived from use of the SPRINKLES formative trademarks in the Washington D.C. metropolitan area, and order that

Plaintiff recover a sum equal to three times such profits pursuant to § 35(a) of the Federal Trademark Act, 15 U.S.C. § 1117(a).

      C.      Order Defendants to file with the Court and to serve on counsel for Plaintiff within thirty (30) days of the entry of any injunction issued by the Court in this civil action, a sworn written statement pursuant to § 34(a) of the Federal Trademark Act, 15 U.S.C. § 1116(a), setting forth in detail the manner and form in which Defendants have complied with any injunction which the Court may enter in this action.

      D.      Pursuant to § 35(a) of the Federal Trademark Act, 15 U.S.C. § 1117(a), award Plaintiff its reasonable attorneys' fees and costs and disbursements incurred by Plaintiff.

      E.      Pursuant to § 37 of the Federal Trademark Act, 15 U.S.C. § 1119, direct the United States Patent and Trademark Office to cancel Defendants' federal trademark registrations identified in ¶ 14 of this complaint and Reg. No. 2,938,800.

      F.      Award such other and further relief as the Court may deem just and proper.

Dated:  November 13, 2013                      SOFT SERVE, INC. D/B/A SPRINKLES

By: s/Brendan J. Morrissey
Brendan J. Morrissey (Bar No. 973809)
Alan S. Cooper (Bar No. 002568)
Christopher Kelly (*pro hac vi*ce to be filed)
Jennifer L. Elgin (Bar No. 432975)
WILEY REIN LLP
1776 K Street, N.W.
Washington, D.C.  20006
Telephone: (202) 719-7000
Facsimile: (202) 719-7049
Email: bmorrissey@wileyrein.com
       acooper@wileyrein.com
       ckelly@wileyrein.com
       jelgin@wileyrein.com

*Attorneys for Plaintiff Soft Serve, Inc. d/b/a Sprinkles*