# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOFT SERVE, INC. D/B/A/ SPRINKLES )<br>(a Maryland corporation) )<br>10148 River Road )<br>Potomac, Maryland 20854, )<br> )<br>                         Plaintiff, )<br> )<br>      v. )<br> )<br>SPRINKLES CUPCAKES, LLC )<br>(a Delaware Limited Liability Company) )<br>422 North La Cienega Blvd. )<br>Los Angeles, California 90048, )<br> )<br>      and )<br> )<br>SPRINKLES CUPCAKES DC, LLC )<br>(a District of Columbia Limited Liability )<br>Company) )<br>3015 M Street, N.W. )<br>Washington, D.C. 20007, )<br> )<br>                        Defendants. )<br>_____ )<br>SPRINKLES CUPCAKES, LLC )<br>(a Delaware Limited Liability Company) )<br>422 North La Cienega Blvd. )<br>Los Angeles, California 90048, )<br> )<br>             Counter-Plaintiff )<br> )<br>      v. )<br> )<br>SOFT SERVE, INC. )<br>(a Maryland corporation) )<br>10148 River Road )<br>Potomac, Maryland 20854, )<br> )<br>            Counter-Defendant. ) | Civil Action No. 13-1782<br><br>Hon. James Boasberg |

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND COUNTERCLAIMS OF SPRINKLES CUPCAKES, LLC AGAINST SOFT SERVE, INC.**

1

Defendants Sprinkles Cupcakes, LLC and Sprinkles Cupcakes DC, LLC (collectively "Sprinkles") hereby answer and respond to the numbered paragraphs of the Complaint as follows:

## NATURE OF ACTION

1. Sprinkles admits that this action purports to be one for false designation of origin, trademark and tradename infringement, violations of D.C. Code § 28-3904 and trademark cancellation. Sprinkles is without sufficient information to form a belief as to the allegations regarding the amount in controversy and therefore denies the same. Sprinkles denies the remaining allegations of this paragraph.

## PARTIES

2. Sprinkles is without sufficient information to form a belief as to the allegations of this paragraph and therefore denies the same.

3. Admitted.

4. Sprinkles denies that Sprinkles Cupcakes DC, LLC is a corporation. Sprinkles admits the other allegations of this paragraph.

## JURISDICTION AND VENUE

5. Sprinkles admits that this Court has subject matter jurisdiction but denies that Plaintiff is entitled to any relief.

6. Sprinkles admits that this Court has personal jurisdiction but denies that Plaintiff is entitled to any relief.

7. Sprinkles admits that venue is proper in this District. Sprinkles denies the remaining allegations of this paragraph.

**STATEMENT OF FACTS**

8. Sprinkles admits that Plaintiff operates an ice cream store in Potomac, Maryland that is named "Sprinkles". Sprinkles is without sufficient information to form a belief as to the remaining allegations of this paragraph and therefore denies the same.

9. Sprinkles is without sufficient information to form a belief as to the allegations of this paragraph and therefore denies the same.

10. Sprinkles is without sufficient information to form a belief as to the allegations of this paragraph and therefore denies the same.

11. Sprinkles admits that Sprinkles opened a retail shop selling cupcakes in Georgetown on March 3, 2011. Sprinkles is without sufficient information to form a belief as to the remaining allegations of this paragraph and therefore denies the same.

12. Admitted.

13. Denied.

14. Sprinkles admits that Sprinkles Cupcakes LLC is the record owner of the listed registrations and applications for registration. Sprinkles denies that the trademark SPRINKLES for ice cream, frozen yogurt, ice cream sundaes, sherbets, ices, sorbets and milkshakes is used or is planned to be used in this judicial district.

15. Sprinkles is without sufficient information to form a belief as to the allegations of this paragraph and therefore denies the same.

16. Admitted.

17. Sprinkles admits that the Therapy Too marks claim a first use date of at least as early as October 2002 and were assigned from Sprinkles Cupcakes Inc. to Sprinkles Cupcakes LLC. Sprinkles denies that such a priority claim is interpreted as October 30, 2002.

18. Sprinkles admits that the Therapy Too marks are used by Therapy Too, Inc. under license.

19. Sprinkles is without sufficient information to form a belief as to the allegations of this paragraph and therefore denies the same.

20. Denied.

21. Denied.

22. Denied.

### COUNT I – FALSE DESIGNATION OF ORIGIN

23. Sprinkles denies the allegations of this paragraph and re-states its answers to paragraphs 1-22 as if set forth fully herein.

24. Denied.

25. Sprinkles is without sufficient information to form a belief as to the allegations of this paragraph and therefore denies the same.

26. Denied.

27. Sprinkles is without sufficient information to form a belief as to the allegations of this paragraph and therefore denies the same.

28. Denied.

### COUNT II – TRADEMARK AND TRADE NAME INFRINGEMENT

29. Sprinkles denies the allegations of this paragraph and re-states its answers to paragraphs 1-28 as if set forth fully herein.

30. Denied.

31. Denied.

### COUNT III – UNFAIR TRADE PRACTICES UNDER D.C. LAW

32. Sprinkles denies the allegations of this paragraph and re-states its answers to paragraphs 1-31 as if set forth fully herein.

33. Denied.

34. Denied.

### COUNT IV – CANCELLATION OF REGISTRATIONS

35. Sprinkles denies the allegations of this paragraph and re-states its answers to paragraphs 1-34 as if set forth fully herein.

36. Denied.

37. Denied.

### PRAYER FOR RELIEF

Sprinkles denies that Plaintiff is entitled to any relief.

### FIRST AFFIRMATIVE DEFENSE

**(Laches)**

This action is barred by the doctrine of laches, by virtue of the delay in asserting rights against Sprinkles, given constructive notice of Sprinkles' rights since at least as early as 2007, and, on information and belief, actual notice of Sprinkles' rights for a time well before Plaintiff took action to assert rights against Sprinkles in the Trademark Trial and Appeal Board in March 2010. Among other ways in which Soft Serve was on actual notice, Sprinkles Cupcakes' interest in a District of Columbia location was reported as early as November 5, 2008 in *The Washington Post*. Furthermore, Plaintiff failed to take any action in a forum that afforded it the potential for injunctive relief for almost four years after first asserting its rights in the Trademark Trial and

Appeal Board and at least over five years since Sprinkles' interest in the DC market became public knowledge.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver, Acquiescence, and Estoppel)

This action is barred by the doctrines of waiver, acquiescence, and estoppel, by virtue of the delay in asserting rights against Sprinkles, given constructive notice of Sprinkles' rights since at least as early as 2007, and, on information and belief, actual notice of Sprinkles' rights for a time well before Plaintiff took action to assert rights against Sprinkles in the Trademark Trial and Appeal Board in December 2009. Furthermore, Plaintiff failed to take any action in a forum that afforded it the potential for injunctive relief for almost four years after first asserting its rights in the Trademark Trial and Appeal Board and at least over five years since Sprinkles' interest in the DC market became public knowledge.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

This action is barred by the doctrine of unclean hands, by virtue of Plaintiff's efforts from 2009 to the present to encourage confusion in the minds of consumers. Such conduct includes emphasis of cupcake offerings in signage, point-of-sale displays, and advertising, mimicry of Sprinkles' social media promotions, and reference to "Sprinkles cupcakes" products in advertising. Plaintiff's marketing efforts reflect an intent to profit from the superior national reputation of Sprinkles in connection with its inferior quality cupcakes.

## FOURTH AFFIRMATIVE DEFENSE

### (Distinct Markets)

On information and belief, Plaintiff and Sprinkles, with respect to Plaintiff's ice cream store services and Sprinkle's cupcake store services, do business in two sufficiently distinct and geographically separate markets, such that no confusion by the public is possible. Plaintiff operates a single-location ice cream store catering to a local Potomac clientele. Sprinkles offers super-premium cupcakes using high-quality ingredients (including cane sugar and Bourbon vanilla) in Georgetown as part of a nationally-recognized chain of cupcake boutiques with distinctive interior and exterior décor.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

On information and belief, Plaintiff failed to mitigate its damages. In particular, Plaintiff emphasized cupcake offerings in signage, point-of-sale displays, and advertising, mimicked Sprinkles' social media promotions, and referenced "Sprinkles cupcakes" products in advertising.

## SIXTH AFFIRMATIVE DEFENSE

### (No Willfulness)

Plaintiffs' claims are barred, in whole or in part, because Sprinkles' conduct was in good faith and with non-willful intent, at all times.

## OTHER DEFENSES

Sprinkles reserves the right to assert any other affirmative defenses based on any information disclosed during discovery.

## COUNTERCLAIMS

Defendant and Counter-Plaintiff Sprinkles Cupcakes, LLC ("<u>Sprinkles Cupcakes</u>") alleges as follows for its counterclaims against Counter-Defendant Soft Serve, Inc. ("<u>Soft Serve</u>"):

## NATURE OF COUNTERCLAIMS

1. This is a counterclaim for trademark infringement under 15 U.S.C. § 1114 and false designation of origin under 15 U.S.C. § 1125(a). Soft Serve—a single-location, suburban ice cream store in Potomac, Maryland—began offering and specially promoting cupcakes in order to trade on the goodwill of the established, nationally-recognized SPRINKLES cupcake brand owned by Counter-Plaintiff Sprinkles Cupcakes.

## PARTIES

2. Sprinkles Cupcakes is a Delaware limited liability company with its principal place of business at 9635 Little Santa Monica Boulevard, Beverly Hills, CA 90210. Sprinkles Cupcakes was founded in 2004 in Beverly Hills as the first bakery dedicated to premium cupcakes. Sprinkles Cupcakes operates 15 cupcake bakeries in major metropolitan areas.

3. Sprinkles Cupcakes is informed and believes, and on that basis alleges, that Soft Serve is a Maryland corporation with its place of business at 10148 River Road, Potomac, Maryland 20854. Soft Serve operates a single-location ice-cream store in a strip mall in suburban Maryland.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338.

5. This Court has personal jurisdiction over Soft Serve *inter alia*, because Soft Serve has filed suit in this Court against Sprinkles Cupcakes.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

**STATEMENT OF FACTS**

**Sprinkles' Business**

7. Sprinkles Cupcakes began selling bakery goods in 2004, and in 2005 opened its first retail bakery in Beverly Hills, California. In short order, Sprinkles Cupcakes became a nationwide phenomenon. The company and its now-famous bakery goods have been featured on numerous television shows including *The Oprah Winfrey Show*, *The Martha Stewart Show*, *The Today Show*, *Good Morning America*, *Nightline*, *Access Hollywood* and *Entertainment Tonight*. Sprinkles Cupcakes has also appeared in major publications such as *The Washington Post*, *The New York Times*, *Time*, *People*, *InStyle*, *Bon Appetit*, *Gourmet* and *Travel & Leisure*.

8. Sprinkles Cupcakes' success and nationwide fame has afforded the company the opportunity to expand throughout the United States. In addition to its Beverly Hills store, Sprinkles Cupcakes operates on Lexington Avenue on Manhattan's Upper East Side, on Walton St. in Chicago's Magnificent Mile and on M Street in the Georgetown neighborhood of Washington, DC. The other locations are in Atlanta, Beverly Hills, Dallas, Houston, La Jolla, Las Vegas, Los Angeles, Newport Beach, Palo Alto, Scottsdale and Westlake Village. Sprinkles Cupcakes opened its first international location in Kuwait in 2013.

9. Sprinkles Cupcakes' retail stores are not the only places where prospective customers can order and purchase Sprinkles Cupcakes' bakery goods. Sprinkles Cupcakes maintains a website at www.sprinkles.com (the "Sprinkles Website"), where customers can view Sprinkles Cupcakes' menu and place orders for Sprinkles Cupcakes' bakery goods. The Sprinkles Website has hundreds of thousands of unique visitors per month. Sprinkles Cupcakes' products are also available in Williams-Sonoma stores throughout the United States, including stores in the Washington DC area. In addition, William-Sonoma began selling Sprinkles Cupcakes cupcake mix on its website in 2006.

10. Since selling its first cupcake in 2004, Sprinkles Cupcakes has continuously used and extensively marketed its trademarks, which include SPRINKLES CUPCAKES, SPRINKLES CUPCAKES and Design, and SPRINKLES (collectively the "Sprinkles Marks"). As a result of

Sprinkles Cupcakes' success and publicity, the Sprinkles Marks have acquired significant recognition among consumers, and the general public has come to associate the Sprinkles Marks with Sprinkles' premium-quality bakery goods.

11.     Sprinkles Cupcakes has a robust online presence, with a website designed by an award-winning designer and active social media activity via its Facebook and Twitter accounts. The Facebook page at www.facebook.com/sprinkles has over 474,000 fans. The Twitter account at www.twitter.com/sprinkles (@Sprinkles) has over 129,000 followers.

12.     Sprinkles Cupcakes is heavily engaged with its fans and followers, soliciting new ideas for flavors and locations, and announcing new promotions and products. At the forefront of Sprinkles Cupcakes' social media campaigns is the "whisper" promotion. Sprinkles Cupcakes conceived of this promotion in May 2009, when it sent its Facebook fans updates to let them know: "Happy Sunday! The next ten people who whisper 'Sprinkles Addict' when ordering at each Sprinkles Cupcakes will receive a free red velvet!"

13.     Sprinkles Cupcakes has been recognized for its innovative social media marketing campaigns. The *Los Angeles Times* featured Sprinkles Cupcakes in a 2009 article "Facebook Becoming Big Friend of Small Business." Sprinkles Cupcakes has also developed Twitter accounts for each of its store locations, using the location name (or an abbreviation) after "Sprinkles," such as @SprinklesDC.

14.     Since then, Sprinkles Cupcakes has distributed such promotions multiple times a month. Sometimes the promotion is based on a particular holiday or event, and sometimes it is just an arbitrary or whimsical word or phrase to say to the cashier to receive free cupcakes.

15.     Sprinkles Cupcakes had developed a national reputation for cupcakes well before it opened its store in Georgetown in March 2011. Sprinkles Cupcakes' interest in a District of Columbia location was reported as early as November 5, 2008 in *The Washington Post*. By 2010, news reports indicated the location had been narrowed down to Georgetown.

16.     Sprinkles Cupcakes announced its intention to open in Washington D.C. prior to November 2008 and signed a lease in Georgetown on November 12, 2009.  Sprinkles Cupcakes

operates in DC through Sprinkles Cupcakes DC, LLC, a wholly-owned subsidiary of Sprinkles Cupcakes owned by Sprinkles Cupcakes. The Sprinkles Cupcakes store opened in Georgetown in March 2011 on one of Georgetown's primary commercial corridors, M Street. As pictured below, the store is in a row of commercial businesses within an urban, walkable setting.



**Sprinkles' Trademark Registrations**

17. Sprinkles Cupcakes has been using the trademark SPRINKLES CUPCAKES in connection with bakery goods since at least as early as February 1, 2004 and with retail shops featuring baked goods since as at least as early as April 13, 2005.

18. On June 12, 2007, Sprinkles Cupcakes obtained a federal registration for its SPRINKLES CUPCAKES trademark, U.S. Trademark Registration No. 3,250,609, covering "bakery goods" and "retail shops featuring baked goods."

19. Sprinkles Cupcakes has been using the trademark SPRINKLES CUPCAKES and Design in connection with bakery goods since at least as early as October 19, 2004 and with retail shops featuring baked goods since as early as April 13, 2005.

20. On July 31, 2007, Sprinkles Cupcakes obtained a federal registration for its SPRINKLES CUPCAKES and Design trademark, U.S. Trademark Registration No. 3,271,643, covering "bakery goods" and "retail shops featuring baked goods."

21. Sprinkles Cupcakes has been using the trademark SPRINKLES in connection with bakery goods since at least as early as February 1, 2004 and with retail shops featuring baked goods since as early as April 13, 2005.

22. On October 9, 2007, Sprinkles Cupcakes obtained a federal registration for its SPRINKLES trademark, U.S. Trademark Registration No. 3,306,772, covering "bakery goods" and "retail shops featuring baked goods."

**Soft Serve's Infringing Conduct**

23. Soft Serve owns a single, neighborhood ice cream shop in Potomac, Maryland. The location is in a strip mall on a busy thoroughfare next to a parking lot, as pictured below:




24. Beginning in 1989, the shop was an *I Can't Believe It's Yogurt* franchise, but some time after Soft Serve discontinued doing business under the franchise name, it adopted the name "Sprinkles" in connection with its ice cream store. Soft Serve did not advertise in the local Yellow Pages under its current name, SPRINKLES, until January 2004. Soft Serve never sought registered trademark protection for its name. Soft Serve has sold baked goods common to ice cream shops—primarily donuts and bagels—prior to the conduct complained of here.

25. Some time on or after 2009, Soft Serve turned its focus to the sale of cupcakes. When changing its name from *I Can't Believe It's Yogurt* to *Sprinkles*, Soft Serve ordered and

posted an exterior sign, displaying a stylized SPRINKLES with a melting ice cream cone forming the "L" and an umbrella forming the "I". The sign also listed offerings from the store: "ice cream, donuts, frozen yogurt, bagels, espresso." Some time on or after 2009, Soft Serve supplemented the sign; on a second sign hanging prominently from the original sign is the word "Cupcakes," shown below:



26. Soft Serve has also begun promoting the cupcakes available at the store with more prominent point-of-sale displays, including a menu of cupcake offerings taped to the counter.

27. On March 12, 2010, Soft Serve filed the first of numerous opposition and cancellation actions against Sprinkles Cupcakes. Soft Serve filed the complaint that initiated this action and sought to suspend the TTAB proceedings on the eve of Soft Serve being required to respond to discovery in connection with Sprinkles Cupcakes' affirmative defense of unclean hands.

28. Most strikingly, after Sprinkles Cupcakes announced the opening of its Georgetown store Soft Serve started mimicking Sprinkles Cupcakes' social media campaigns. Soft Serve launched its Facebook and Twitter presence in February 2011 on the eve of the opening of Sprinkles Cupcakes' store in Georgetown. Through these sites, Soft Serve focused primarily on promoting cupcakes rather than ice cream or other products, has distributed promotions nearly identical to Sprinkles Cupcakes' whisper campaigns, and has referred to its products as "Sprinkles cupcakes" on numerous occasions.

29. For example, Soft Serve tweeted "Having a party? Sprinkles cupcakes $1.59 each when you pre-order. Minimum 18 cupcakes. Thru November" on November 6, 2011.

30. Indeed, Soft Serve's very first tweet on February 1, 2011 was a "whisper" campaign: "Dry off at Sprinkles! The next 20 visitors who can say 'a la mode' get a free scoop of vanilla ice cream with their cupcake order!"

31. In view of the extreme similarity between Soft Serve's SPRINKLES business name and the Sprinkles Marks for use in connection with cupcakes, Soft Serve's use of the SPRINKLES trademark in connection with cupcakes is designed to cause confusion in the marketplace by implying an association with Soft Serve's inferior quality cupcakes. Any resulting confusion will damage Sprinkles Cupcakes and injure its reputation in the trade and with the public.

32. Soft Serve's use of the SPRINKLES trademark in connection with cupcakes is further designed to provide Soft Serve with a pretext for its claims against Sprinkles Cupcakes.

## FIRST CAUSE OF ACTION

(Infringement of a Registered Trademark, 15 U.S.C. § 1114)

33. Sprinkles Cupcakes realleges and incorporates by reference the paragraphs above.

34. Sprinkles Cupcakes is the owner of the federal trademark registrations for the Sprinkles Marks as set forth above.

35. Soft Serve has used in commerce, without Sprinkles Cupcakes' consent, marks that are highly similar to the Sprinkles Marks in connection with cupcakes and that are designed to cause confusion, deception, or mistake among consumers.

36. Soft Serve's unauthorized use of the Sprinkles Marks in connection with cupcakes has damaged Sprinkles Cupcakes and the business and goodwill symbolized by the Sprinkles Marks.

37. As a consequence of Soft Serve's unauthorized use of the Sprinkles Marks in connection with cupcakes, Sprinkles Cupcakes is entitled to an injunction as set forth below, an


order of destruction of all of Soft Serve's infringing materials and products, Soft Serve's profits, Sprinkles Cupcakes' damages, and Sprinkles Cupcakes' costs of action.

38.     As a consequence of Soft Serve's willful infringement, Sprinkles Cupcakes is entitled to recover treble damages or profits.

## SECOND CAUSE OF ACTION

(False Designation of Origin, 15 U.S.C. § 1125(a))

39.     Sprinkles Cupcakes realleges and incorporates by reference the paragraphs above.

40.     Soft Serve's acts described above, including its use in commerce of marks that are highly similar to the Sprinkles Marks in connection with cupcakes, are designed to cause confusion, mistake, or deception as to the source, sponsorship, affiliation or approval of Soft Serve's goods and services. Further, Soft Serve's acts described above constitute false representation of fact that are designed to cause confusion, mistake, or deceptive as to the source, sponsorship, affiliation, or approval of Soft Serve's goods and services.

41.     Soft Serve's unauthorized use of the SPRINKLES in connection with has damaged Sprinkles Cupcakes and the business and goodwill symbolized by the Sprinkles Marks.

42.     As a consequence of Soft Serve's unauthorized use of the Sprinkles Marks in connection with cupcakes, Sprinkles Cupcakes is entitled to an injunction as set forth below, an order of destruction of all of Soft Serve's infringing materials and products, Soft Serve's profits, Sprinkles Cupcakes' damages, and Sprinkles Cupcakes' costs of action.

43.     As a consequence of Soft Serve's willful infringement, Sprinkles Cupcakes is entitled to recover treble damages or profits.

## PRAYER FOR RELIEF

WHEREFORE, Sprinkles Cupcakes prays:

  a. That this Court grant a permanent injunction enjoining Soft Serve and any affiliated companies, successors, assigns, officers, directors, agents, partners, servants, and employees, and all others acting in concert with it, from:

    i. using directly or indirectly, in connection with cupcakes, the name SPRINKLES, or any other trademark, service mark, trade name, or domain name that incorporates, imitates or simulates, or is otherwise confusingly similar to, the Sprinkles Marks;

    ii. using any other false designations of origin or false description or representation or doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the trade or the public, or to deceive the trade or the public into believing that Soft Serve's activities are in any way sponsored, licensed or authorized by or affiliated or connected with Sprinkles Cupcakes; and

    iii. engaging directly or indirectly in any practices, including those complained of herein, that tend to compete unfairly with, or injure, Sprinkles Cupcakes, its business, or the goodwill related to Sprinkles Cupcakes' business or the Sprinkles Marks;

  b. Order Soft Serve to discontinue the use of the name SPRINKLES in connection with cupcakes;

  c. Direct Soft Serve to account to Sprinkles Cupcakes for its profits derived from use of the trademarks SPRINKLES in connection with cupcakes and order that Sprinkles Cupcakes recover its damages arising out of the aforesaid acts of infringement in a sum equal to three times such profits or damages (whichever is greater), pursuant to 15 U.S.C. § 1117(a);

  d. Order Soft Serve to file with the Court and to serve on counsel for Sprinkles Cupcakes within 30 days of the entry of any injunction issued by the Court in this action, a sworn written statement pursuant to 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which Soft Serve has complied with any injunction which the Court may enter in this action;

e. Award Sprinkles Cupcakes reasonable attorneys' fees and costs and disbursements incurred by Sprinkles Cupcakes as a result Soft Serve's intentional infringement, pursuant to 15 U.S.C. § 1117(a); and

f. Award such other and further relief as the Court may deem just and proper.

Dated: April 25, 2014                                   Respectfully submitted,


/s/ Richard Ben-Veniste
Richard Ben-Veniste (D.C. Bar No. 220004)
Sean P. McDonnell (D.C. Bar No. 1018463)
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 263-3000
Fax: (202) 263-3300
rben-veniste@mayerbrown.com
smcdonnell@mayerbrown.com

Richard M. Assmus (*pro hac vice* to be filed)
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
rassmus@mayerbrown.com

*Attorneys for Defendant and Counterclaim Plaintiff Sprinkles Cupcakes, LLC and Defendant Sprinkles Cupcakes DC, LLC*